IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 24 2009

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

HANNAH KAY PECK, Individually
and IN HER CAPACITY AS TRUSTEE
OF THE PECK FAMILY TRUST DATED
JUNE 15, 2001                                                              PLAINTIFF

VS.                          4·09-CV-0131GTE **

MIKE ARTHUR,
STANFORD GROUP COMPANY,                        This case assigned to District Judge _Eisele_
PERSHING, LLC,                                 and to Magistrate Judge _Ray_
MATTHEW MCDANIEL, and
HEATH STEVENS                                                              DEFENDANTS

## COMPLAINT

Comes now, the Plaintiff, Hannah Kay Peck ("Ms. Peck"), individually and as Trustee of the Peck Family Trust dated June 15, 2001, by and through her attorneys, Newland & Associates, PLLC, and for her Complaint against Mike Arthur, Stanford Group Company, Pershing, LLC, Matthew McDaniel, and Heath Stevens, states as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

### II. PARTIES

3. Ms. Peck is a resident of Hawaii.

4. Upon information and belief, Mike Arthur ("Arthur") is a resident of Pulaski County, Arkansas.

5. Upon information and belief, Arthur is the Senior Vice President and Financial Advisor of Stanford Group Company located in Little Rock, Arkansas.

6. Upon information and belief, Stanford Group Company ("Stanford Group") is a Texas Corporation authorized and doing business in Arkansas. Upon information and belief, Corporation Service Company is Stanford Group's current registered agent for service of process in Arkansas.

7. Upon information and belief, Pershing, LLC ("Pershing") is a Delaware limited liability company authorized and doing business in Arkansas. Upon information and belief, Corporation Service Company is Pershing's current registered agent for service of process in Arkansas.

8. Upon information and belief, Pershing is a necessary party to this action because it may claim an interest in the investments subject to this action.

9. Upon information and belief, Matthew McDaniel ("McDaniel") is a resident of Pulaski County, Arkansas. Upon information and belief, McDaniel is employed by Stanford Group as a financial advisor.

10. Upon information and belief, Heath Stevens ("Stevens") is a resident of Pulaski County, Arkansas. Upon information and belief, Stevens is employed by Stanford Group as a financial advisor.

## II. ' FACTS

11. Acting as a financial advisor and as Senior Vice President of Stanford Group's Little Rock office, Arthur advised Ms. Peck to purchase certificates of deposit ("CDs") offered by Stanford Group. Arthur promised Ms. Peck that the CDs would have a significantly higher rate of return than rates available through CDs offered by traditional banks and would be properly insured to safeguard Ms. Peck's assets.

12. In reliance on Arthur's statements, Ms. Peck allowed Arthur to invest her money in several CDs offered by Stanford Group. The account numbers for said CDs are as follows: 5LW-009492, 5LW-009161, and 5LW-400386 ("the Deposits"). Ms. Peck had previously opened an IRA with Stanford Group. The account number for said IRA is OC9-605175.

13. At all times relevant to this action, Arthur assured Ms. Peck that the Deposits were properly insured and that she would receive a specified high return on the investments.

14. Stanford Group represented that it maintained a high degree of liquidity and that its assets were invested in a well-diversified portfolio of highly marketable securities issued by stable governments.

15. Upon information and belief, McDaniel and Stevens also served as Ms. Peck's financial advisors and materially aided in transactions concerning the Deposits.

16. Stanford Group was the brokerage company who sold the Deposits. At all times relevant to this action, Arthur, McDaniel, and Stevens, were employees and authorized agents of Stanford Group who materially aided in the transactions at issue.

17. On or about February 17, 2009, Ms. Peck discovered that the Deposits were not properly insured, did not have a high rate of return, and, in fact, had been completely depleted.

18. Stanford Group's offering of CDs of the kind that it sold to Ms. Peck have been subject to several negative media reports in recent weeks and an investigation by the Securities and Exchange Commission, prompting the sole shareholder and sole director of Stanford Group's parent company to attempt to hide from federal authorities.

19. The SEC has instituted legal action against Stanford Group in the United States District Court for the Northern District of Texas, Dallas Division, alleging that, contrary to Stanford Group's representations, Stanford Group's investments did not maintain a high degree

of liquidity and its investment portfolio was not well-diversified. The SEC alleges that the high rate of return that Stanford Group promised on the CDs it offered were "improbable" if not "impossible." The SEC also alleges that Stanford Group falsified its financial statements.

20. As a result of the investigation by the SEC and the pending litigation, the assets in Ms. Peck's accounts she opened with Stanford Group have been frozen indefinitely.

21. Upon information and belief, Pershing is currently in possession of the Deposits.

### III. FIRST CAUSE OF ACTION

### FRAUD AGAINST STANFORD GROUP

22. Ms. Peck incorporates and re-alleges the allegations contained in Paragraphs 1-21 of this Complaint as if set forth word for word herein.

23. Stanford Group sold the Deposits to Ms. Peck.

24. Stanford Group materially misrepresented to Ms. Peck that the Deposits would have a significantly higher rate of return than that offered by traditional banks.

25. Stanford Group also materially misrepresented to Ms. Peck that the Deposits were secure because they were properly insured and that Stanford Group's assets were maintained in liquid financial instruments and invested in highly marketable securities issued by secure governments.

26. Stanford Group made the above-mentioned material misrepresentations to induce Ms. Peck to purchase the Deposits.

27. Stanford Group's material misrepresentations regarding the Deposits were substantial factors in influencing Ms. Peck's decision to purchase the Deposits.

28. Ms. Peck justifiably relied on Stanford Group's material misrepresentations and did not know that the statements made by Stanford Group were untrue.

29. As a result of Ms. Peck's reliance on Stanford's misrepresentations, she has incurred damages in an amount to be determined at trial in excess of that required for federal diversity jurisdiction.

## IV. SECOND CAUSE OF ACTION

### CONSTRUCTIVE FRAUD

### AGAINST ARTHUR, MCDANIEL, AND STEVENS

30. Ms. Peck incorporates and re-alleges the allegations contained in Paragraphs 1-29 of this Complaint as if set forth word for word herein.

31. Arthur, McDaniel, and Stevens were agents of Stanford Group who materially aided in the fraudulent transactions at issue.

32. Arthur, McDaniel, and Stevens knew or were reckless in not knowing that Stanford Group's statements regarding the stability of its investments were false statements.

33. Arthur, McDaniel, and Stevens asserted that the representations made by Stanford Group were true.

34. Ms. Peck relied on the assertions of Arthur, McDaniel, and Stevens.

35. As a result Ms. Peck's reliance on the assertions of Arthur, McDaniel, and Stevens, she has incurred damages in an amount to be determined at trial in excess of that required for federal diversity jurisdiction.

## IV. SECOND CAUSE OF ACTION

### NEGLIGENCE AGAINST ALL DEFENDANTS

36. Ms. Peck incorporates and re-alleges the allegations set forth in Paragraphs 1-35 of this Complaint as if set forth word for word herein.

37. Defendants owed duties to Ms. Peck to give her sound financial advice according to her financial needs and to ensure that her investments were properly insured.

38. Defendants breached their duties owed to Ms. Peck by failing to give sound financial advice according to Ms. Peck's financial needs and by failing to ensure that Ms. Peck's investments were properly insured.

39. As a direct and proximate cause of the Defendants' breach of their duties owed to Ms. Peck, Ms. Peck has suffered damages in an amount to be determined at trial in excess of that required for federal diversity jurisdiction.

## V. THIRD CAUSE OF ACTION

### NEGLIGENT SUPERVISION AND TRAINING

### AGAINST STANFORD GROUP

40. Ms. Peck incorporates and re-alleges the allegations set forth in Paragraphs 1-39 of this Complaint as if set forth word for word herein.

41. Arthur, McDaniel, and Stevens were employees of Stanford Group at all relevant times to this action.

42. Arthur, McDaniel, and Stevens committed fraud and other grossly negligent acts in advising Ms. Peck.

43. Stanford Group also owed a duty to Ms. Peck to ensure that its employees were properly trained and supervised to give truthful financial advice to purchasers of CDs.

44. Stanford Group breached the duty owed to Ms. Peck by failing to ensure that Arthur, McDaniel, and Stevens were properly trained and supervised to give truthful financial advice and to adequately protect Ms. Peck's interests.

45.   Stanford Group knew or should have known that the conduct of Arthur, McDaniel, and Stevens would subject third parties to an unreasonable risk of harm.

46.   As a direct and proximate cause of Stanford Group's breach of its duties owed to Ms. Peck, Ms. Peck has suffered damages in an amount to be determined at trial in excess of that required for federal diversity jurisdiction.

### VI.   DEMAND FOR JURY TRIAL

47.   Ms. Peck demands a trial by jury on all issues.

### VII.   RESERVATION OF RIGHTS

48.   Ms. Peck specifically reserves the right to bring any additional causes of action against the Defendants, or additional Defendants, and to amend this Complaint as necessary.

WHEREFORE, Ms. Peck prays that this Court grant the relief requested herein, for punitive damages in an amount to deter this type of conduct in the future, and all other just and proper relief to which she may be entitled.

Respectfully submitted,

NEWLAND & ASSOCIATES, PLLC
10 Corporate Hill Drive, Suite 330
Little Rock, AR 72205
(501) 221-9393
Facsimile: (501) 221-7058

_____
J. Richard Newland, Ark. Bar # 2000157
Ashlea Brown, Ark. Bar #2007197